**Dwight HALSTEAD, Plaintiff–Appellant,**

v.

**NEW YORK CITY TRANSIT AUTHORITY, Marino Bragino, as an aider and abettor, and in his individual capacity, and Valerie Montgomery, as an aider and abettor, and in her individual capacity, Defendants–Appellees,**

City of New York, Defendant.

Docket No. 03–7086.

United States Court of Appeals,
Second Circuit.

Oct. 22, 2003.

Ambrose W. Wotorson, Law Office of Ambrose Wotorson, Brooklyn, NY, for Appellant.

Andrew P. Marks (Jennifer L. Gillman, of counsel), Littler Mendelson, P.C., New York, NY, for Appellees.

PRESENT: WINTER, CABRANES and SACK, Circuit Judges.

SUMMARY ORDER

Plaintiff Dwight Halstead alleges that the defendants, in terminating his employment at the New York City Transit Authority, discriminated against him based on his national origin and retaliated against him for complaining of discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and his First Amendment rights. The District Court granted defendants' motion for summary judgment, finding that plaintiff failed to establish a *prima facie* case of discrimination or retaliation under Title VII, and that plaintiff could not show that he engaged in constitutional-

ly protected speech. *Halstead v. New York City Transit Auth.*, No. 99 CV 3450(CBA) (E.D.N.Y. Dec. 20, 2002). We affirm.

## I. Background

Plaintiff Dwight Halstead, a black male of Antiguan descent, began working for defendant New York City Transit Authority ("Transit Authority") in August of 1986 or 1987 in the position of Track Equipment Manager at the Transit Authority's Linden Shop. *Halstead*, No. 99 CV 3450, at 2. On January 8, 1997, plaintiff was terminated from employment with the Transit Authority based on the ruling of an arbitration board. *Id.* at 8. The arbitration board determined, after hearings on November 14 and December 12, 1996, that plaintiff, on October 22, 1996, had menaced defendant Valerie Montgomery, a black woman who was plaintiff's supervisor and the Superintendent of the Linden Shop. *Id.* at 8. Before these hearings on the charges of menacing, plaintiff had previously been suspended for fifteen days, after a hearing on October 31, 1996 before another arbitration board, on numerous charges including failure to substantiate in writing an emergency day off, failure to return a call to control while he was on sick leave, negligence in the performance of his duties, failure to file a detailed business report, and failure to leave Transit Authority property when asked to do so. *Id.* at 5–6.

Plaintiff asserts that his termination was an act of discrimination based on his national origin. He also asserts that his termination and his earlier fifteen-day suspension were in retaliation for complaints he made in July 1996 to the Transit Authority's Equal Employment Office ("EEO"), the State Division of Human Rights, and the Equal Employment Opportunity Commission that Montgomery had been harassing him because he was a West Indian.

The District Court found that Plaintiff failed to establish a *prima facie* case of either discrimination on the basis of national origin or retaliation, and that even if he had established a *prima facie* case, he could not satisfy his ultimate burden of showing discrimination or retaliation. *Id.* at 24, 32. The Court determined that plaintiff's termination and suspension were the result of decisions by impartial arbitration boards, which attenuated any causal link between the defendants' allegedly improper motives and the adverse employment actions suffered by Plaintiff. *Id.* at 16, 32. The arbitration boards were established pursuant to a collective bargaining agreement between the Transit Authority and the plaintiff's union. *Id.* at 8.

The District Court applied our decision in *Collins v. New York City Transit Authority*, 305 F.3d 113 (2d Cir.2002), in which a plaintiff challenged, as discriminatory and retaliatory under Title VII, the decision of an arbitration board upholding his termination by the Transit Authority for assaulting his supervisor. *Id.* at 117. We held that "where an employee's ultimate termination depends upon, and is allowed by, a decision of an independent and unbiased arbitrator based on substantial evidence after a fair hearing, the arbitration decision has probative weight regarding the requisite causal link between an employee's termination and the employer's illegal motive." *Id.* at 115. We found such an arbitration decision "highly probative of the absence of discriminatory intent," *id.* at 119, and held that a Title VII plaintiff, in order to survive a summary judgment motion in this situation, must present "strong evidence that the decision was wrong as a matter of fact-e.g., new evidence not before the tribunal-or that the impartiality of the proceeding was somehow compromised." *Id.* Following *Collins*, the District Court ruled that "the [arbitration board] decisions preceding

plaintiff's termination and his suspension [are] highly probative of the absence of discriminatory intent." *Halstead*, No. 99 CV 3450, at 18.

Plaintiff argues on appeal, as he did before the District Court, that he has new evidence not before the arbitration boards, which he gathered in discovery in this lawsuit, that constitutes strong evidence that the decisions of the boards were wrong.

## II. Discussion

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We review the District Court's grant of summary judgment *de novo. Young v. County of Fulton*, 160 F.3d 899, 902 (2d Cir.1998).

For substantially the reasons stated by the District Court, we agree that plaintiff has not offered "strong evidence" that the decisions of the boards were incorrect, as required under *Collins*. Plaintiff raises no challenge to the impartiality of the arbitration boards that ruled in favor of his termination and suspension. *Halstead*, No. 99 CV 3450, at 19 n. 7. He has therefore not offered evidence sufficient to create a material issue of fact as to whether his termination was the result of discrimination or retaliation.

Plaintiff focuses primarily on evidence that, he argues, tends to undermine Montgomery's credibility. Much of this involves minor inconsistencies between Montgomery's testimony at plaintiff's Workers' Compensation hearing on November 30, 1998, and her subsequent deposition testimony on May 23, 2000. We agree with the District Court that neither these alleged inconsistencies nor the other

purportedly new evidence related to Montgomery's credibility provide strong evidence that the board's decision to terminate him was wrong. *Id.* at 20.

Plaintiff also points to investigatory notes stating that a Labor Relations manager who worked on plaintiff's case told Montgomery that the Transit Authority "wanted him out" regardless of whether Montgomery wanted to press charges. These handwritten notes do not identify who wrote them, or when or in what context they were written. *Id.* at 22. While plaintiff argues that they demonstrate retaliatory intent, as the District Court observed, the notes could just as easily indicate that the Transit Authority wanted plaintiff terminated simply because of the gravity of the charges against him. *Id.*

Finally, plaintiff offers the notes of Ralph Jones, an EEO investigator, which suggest that there is no pre-investigation process to assess the veracity of charges when they are brought by a supervisor. As the District Court pointed out, these notes do not speak to the arbitration board's decision, but rather challenge the procedure leading up to it. *Id.* at 23.

In sum, plaintiff has not offered "strong evidence" that the arbitration board was wrong in finding him guilty of the menacing charges and terminating his employment, or that the earlier board was wrong in suspending him. As the District Court correctly found, under our precedent in *Collins*, he has not made a *prima facie* case of discrimination or retaliation, and therefore summary judgment for defendants was appropriate.

We also agree with the District Court that even if plaintiff had established a *prima facie* case of discrimination or retaliation, he has not presented sufficient evidence that would allow him to satisfy his ultimate burden of showing discrimination or retaliation on the record as a whole.

*Id.* at 24. Defendants have offered legitimate and non-discriminatory reasons for plaintiff's termination and earlier suspension, and plaintiff has failed adequately to show that these reasons were pretextual or to offer other sufficient evidence to establish discrimination or retaliation.

\* \* \* \* \* \*

We have considered all of plaintiff's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**